UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADAM ASKARI D.D.S. CORP., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANCORP, et al., <br><br> Defendants. | Case No.  5:21-cv-09750-EJD <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> Re: Dkt. No. 17 |

On August 10, 2021, Plaintiff Adam Askari D.D.S. Corp. ("Askari") initiated this suit against Defendant U.S. Bancorp Community Development Corporation ("Bancorp") and others in the Superior Court of California, County of Santa Clara ("Complaint"), alleging claims for negligence and breach of fiduciary duty relating to two loans. Dkt. No. 1-1.[1] Bancorp removed the action pursuant to 28 U.S.C. § 144(a). Dkt. No. 1. Defendants U.S. Bancorp, U.S. Bancorp Asset Management, Inc., Bancorp, and U.S. Bancorp Community Investment Corporation (collectively, "Defendants") move to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 17. The matter is suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, Defendants' motion to dismiss is granted with leave to amend.

---

Case No.: 5:21-cv-09750-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1

## I. BACKGROUND

The Complaint alleges the following. The Paycheck Protection Program ("PPP") is a loan program funded and administered by the federal Small Business Administration ("SBA"). Applications for SBA loans are submitted through local banks. In May 2020, Dr. Adam Askari DDS, acting on behalf of Plaintiff, filed an application for a PPP Loan through "US Bank" using an online portal. Compl. ¶ 12. Defendants own "different portions of the business that operates as U.S. Bank." *Id*. ¶ 2.[2] Dr. Askari mistakenly listed Plaintiff's tax-ID number as 27-1150143 instead of 27-1501433. Dr. Askari ultimately received a $88,000 PPP Loan.

On or about early February 2021, Dr. Askari applied for a second PPP Loan through US Bank. On or about March 2021, US Bank informed him that the SBA had no record of the prior year's loan. Dr. Askari notified US Bank of the tax ID error. US Bank told him it would "take care of it," but failed to take any action to correct the loan records. Compl. ¶ 19. By the time Dr. Askari discovered US Bank's failure to take action, PPP Loans were no longer available. *Id*. ¶ 23. As a result, Plaintiff was denied a second $88,000 PPP Loan plus any advantageous benefits of that loan, including loan forgiveness and/or low interest rates. *Id*. ¶¶ 31-33, 41. He also lost his ability to pursue a loan with another financial institution. *Id*. ¶ 47.

Plaintiff alleges that Defendants breached their duty of care by representing to Plaintiff that they were in the process of correcting the first PPP Loan application error, but failed to do so. Plaintiff also alleges that Defendants' failure to correct the first PPP Loan application error constituted a breach of their fiduciary duty.[3]

## II. STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a motion to dismiss for lack of subject matter jurisdiction. A suit brought by a plaintiff without Article III standing is not

---

[2] For purposes of this motion, the Court assumes "US Bank" and "U.S. Bank" refer to the same entity.

[3] The caption of the Complaint lists a claim for intentional misrepresentation, but neither that claim nor facts supporting such a claim are alleged in the Complaint.

Case No.: 5:21-cv-09750-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). To satisfy Article III standing, plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

**III.   DISCUSSION**

Defendants contend that the Complaint should be dismissed because it alleges conduct only by U.S. Bank, not Defendants. Alternatively, Defendants contend that the Complaint should be dismissed because (1) Plaintiff lacks Article III standing because there is no causal connection between Defendants' alleged conduct and Plaintiff's alleged injury; (2) U.S. Bank did not owe Plaintiff a duty of care in processing the PPP Loan application; (3) U.S. Bank did not have a

Case No.: 5:21-cv-09750-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

1  fiduciary relationship with Plaintiff; (4) Plaintiff fails to plead damages and proximate cause; (5)
2  the Complaint is an impermissible "shotgun pleading"; and (6) the "claim" for punitive damages is
3  legally and factually unsupportable.

### A. Article III Standing

Under Article III, Plaintiff must establish in the Complaint that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish a traceable injury, there must be "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (simplified).

Viewing the allegations in the light most favorable to Plaintiff, the Complaint alleges a causal connection between Plaintiff's injury and Defendants' alleged conduct. According to the Complaint, Defendants repeatedly assured Plaintiff that the application error would be corrected; despite Defendants' representations, they took no action; and as a result of Defendants' failure to act, Plaintiff was unable to secure a second PPP Loan and other advantageous benefits of that Loan, as well as the ability to pursue a loan with another financial institution. Compl. ¶¶ 19-23. By the time Dr. Askari discovered US Bank's failure to take action, the PPP had run out of money and the deadline to apply had passed. *Id*. ¶ 23.

Defendants, however, raise a factual attack to subject matter jurisdiction with evidence of a U.S. Bank letter sent to Plaintiff denying its application for a second PPP loan. Mot. at 8. The letter, dated April 9, 2021, states that US Bank is "unable to extend credit . . . for the following reasons: • Withdrawn application." Decl. of Christopher Riddle, Ex. C, Dkt. No. 17-4 at 2. This letter suggests that Plaintiff withdrew its loan application, which could mean that there is no causal connection between Defendants' alleged conduct and Plaintiff's alleged inability to secure the second PPP loan. Further, the U.S. Bank letter is dated over a month before the PPP program ended, which suggests that Plaintiff may have been able to reapply for a PPP loan. In light of

Case No.: 5:21-cv-09750-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

1  Defendants' factual attack on subject matter jurisdiction, no presumptive truthfulness attaches to

2  Plaintiff's allegations. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d

3  730, 733 (9th Cir. 1979).

4  Faced with a factual challenge to subject matter jurisdiction, Plaintiff must "present

5  affidavits or any other evidence necessary to satisfy its burden of establishing" standing. *St. Clair*

6  *v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Plaintiff has not done so. Instead, Plaintiff

7  requests leave to amend the Complaint. Dismissal of a complaint without leave to amend should

8  be granted only where the jurisdictional defect cannot be cured by amendment. *See Eminence*

9  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Because the April 9, 2021

10 letter is unclear, Plaintiff may be able to cure the jurisdictional defect by amendment. Thus, the

11 Court will grant Plaintiff leave to amend the Complaint.[4]

### B.    Unopposed Challenges to Complaint

Plaintiff offers no response to several of Defendants' challenges to the Complaint. By failing to respond to those arguments, Plaintiff has conceded them and acknowledged the Complaint should be dismissed on those grounds as well. *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("Plaintiff concedes these arguments by failing to address them in her opposition." (collecting cases)). Specifically, the breach of fiduciary duty claim is dismissed with prejudice. *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 801-02 (N.D. Cal. 2019) (dismissing breach of the implied warranty of merchantability claim with prejudice "because Plaintiff has failed to respond to Apple's arguments" and therefore "waived the issue"); *Scognamillo v. Credit Suisse First Bos. LLC*, No. 03-2061 TEH, 2005 WL 2045807, at *7 (N.D. Cal. Aug. 25, 2005) (dismissing negligence claim with prejudice because the plaintiff failed to respond to arguments in favor of dismissal).

### IV.   CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is GRANTED, with leave

---

[4] Because Plaintiff has not established Article III standing, the Court declines to address the other legal challenges to Plaintiff's negligence claim at this time.

Case No.: 5:21-cv-09750-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

to amend only the negligence claim.  Plaintiff may file an amended complaint no later than July 14, 2022.

**IT IS SO ORDERED.**

Dated:  June 15, 2022

                                             EDWARD J. DAVILA
                                             United States District Judge